# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-967 PSG (RAOx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Christina Gonzalez v. FCA US LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES the motion to remand

Before the Court is Plaintiff Christina Gonzalez's ("Plaintiff") motion to remand. *See* Dkt. # 17 ("*Mot.*"). Defendant FCA US LLC ("Defendant") opposes, *see* Dkt. # 20 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 29 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion to remand.

I.  Background

Plaintiff filed this action against Defendant FCA US LLC, alleging two causes of action under California's Song-Beverly Consumer Warranty Act. *See generally Complaint*, Dkt. # 1, Ex. A ("*Compl.*"). On or about February 20, 2015, Plaintiff purchased a new motor vehicle from Defendant for $35,000. *Id.* ¶ 6. Along with the purchase of the vehicle, Plaintiff received various warranties with the purchase. *Id.* ¶ 8. Plaintiff alleges that the vehicle contained or developed defects, including defects related to engine malfunction, engine overheating, thermostat failure, head gasket failure, oil leaks, o-ring failure, valve cover failure, and battery system failure. *Id.* ¶¶ 10 11. Plaintiff delivered the vehicle for service and repair at unnamed authorized service and repair facilities on at least eight separate occasions, and despite representations that the vehicle would conform with applicable warranties, Defendant failed to conform the vehicle to the applicable warranties because of the various defects. *Id.* ¶¶ 15 35.

On April 16, 2019 Plaintiff filed suit in state court, bringing two state law causes of action, for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act, and breach of the express warranty under the Song-Beverly Consumer Warranty Act. *See id.* ¶¶ 124 65. The action was subsequently removed to this court on the basis of diversity jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*").

II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-967 PSG (RAOx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Christina Gonzalez v. FCA US LLC, et al. | | |

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Citizenship is tested at the time of removal. *See, e.g.*, *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed."); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

III. Discussion

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

Here, Plaintiff makes several arguments as to why diversity jurisdiction is not satisfied. The Court addresses each in turn.

A. Complete Diversity

Defendant contends that complete diversity is satisfied. The Notice of Removal states that Plaintiff is a citizen of California, and Plaintiff does not contest that she is a citizen of California. *See generally Mot.*; NOR ¶ 11; *Compl.* ¶ 1 (stating that Plaintiff resides in California). The Notice of Removal states that Defendant is a "Delaware Limited Liability Company with its principal place of business in Auburn Hills, Michigan." *See* NOR ¶ 11. On June 10, 2019, this Court ordered Defendant to show cause why the matter should not be remanded due to lack of subject matter jurisdiction, because Defendant's Notice of Removal did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-967 PSG (RAOx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Christina Gonzalez v. FCA US LLC, et al. | | |

not allege the citizenship of each of its LLC's members. *See* Dkt. # 11 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). The Court received Defendant's response, which stated that the sole member of Defendant FCA US LLC is FCA North America Holdings LLC, whose sole member is Fiat Chrysler Automobiles, N.V., a company incorporated in the Netherlands with its principal place of business in England. *See* Dkt. # 12. The parties are thus diverse. Plaintiff does not contest that complete diversity is satisfied, but suggests that she intended to add a non-diverse California-based dealership as a defendant. *See Mot*. 4; *Opp.* 5 6.

To add a non-diverse defendant after removal, a plaintiff is required to show that joinder is proper pursuant to 28 U.S.C. § 1447(e). *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (stating that "[a]fter a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder, or allow the joinder and remand the case to state court" and listing factors to be considered) (citing 28 U.S.C. § 1447(e)); *Marroquin v. Target Corp.*, No. LA CV19-00341 JAK (SSx), 2019 WL 2005793, at *1 (C.D. Cal. May 7, 2019); *Martinez v. FCA US LLC*, No. 2:19-CV-08097-SVW-E, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020). Here, Plaintiff has made no attempt to show that joinder is proper, or even allege that Plaintiff seeks joinder. *See generally Mot*.

Accordingly, Defendant has sufficiently demonstrated complete diversity between the parties.

    B.    <u>Amount in Controversy</u>

The Song-Beverly Act provides for restitution "in an amount equal to the actual price paid or payable by the buyer, . . . including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees[.]" *See* Cal. Civ. Code § 1793.2(d)(2)(B). The Act allows a defendant to reduce the amount "by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." *See* Cal. Civ. Code § 1793.2(d)(2)(C). The Act further provides a civil penalty "up to two times the amount of actual damages." Cal. Civ. Code § 1794(c). Moreover, it provides for an award of reasonable attorneys' fees to a prevailing buyer. *See* Cal. Civ. Code § 1794(d).

When a claim is asserted under the Song-Beverly Act, a court may consider actual damages and civil penalties under the Song-Beverly Act in determining the amount in controversy. *See Lawrence v. FCA US LLC*, No. CV 16-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (holding that defendant's calculation of the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-967 PSG (RAOx) | Date | March 24, 2020 |
| Title | Christina Gonzalez v. FCA US LLC, et al. | | |

controversy properly included actual damages and civil penalties). A court may also consider attorneys' fees. *See Alvarado v. FCA US LLC*, No. EDCV 17 505 JGB (DTBx), 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017).

Here, the alleged purchase price of the vehicle was $35,000. *See Compl.* ¶ 6. Plaintiff seeks actual damages of restitution/rescission, a claim for a civil penalty of two times the actual damages under the Song-Beverly Act, as well as attorneys' fees and costs. *See id.*, *Prayer for Relief*. Defendant calculates two times the actual damages sought ($35,000) in civil penalties as $70,000. Defendant thus argues that the amount in controversy threshold is met because the amount of actual damages plus the civil penalty is $105,000, before calculating attorneys' fees. *See id.* ¶ 14; *NOR* ¶ 10.

Plaintiff's only objection to Defendant's calculation of the amount in controversy is that it would be unfair to include a possible civil penalty in the amount, because most vehicles are priced over $25,000 with financing, and thus "*any* Song-Beverly lawsuit that even alleges a willful violation by a manufacturer could be removed." *Mot.* 7. But the Court does not find this argument persuasive. Courts have explained that while Song-Beverly does not have punitive damages the civil penalty is "akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Lawrence*, 2016 WL 5921059, at *4. "The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). This Court has previously rejected the argument Plaintiff makes here. *Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) ("Although Plaintiff urges the Court to disregard civil penalties for purposes of calculating the amount in controversy . . . the law counsels otherwise."). Defendant has argued that the amount in controversy is satisfied based on the allegations in Plaintiff's complaint; the Court concludes the amount in controversy is satisfied. *See Petropolous v. FCA US, LLC*, No. 17-CV-0398 W (KSC), 2017 WL 2889303, at *6 (S.D. Cal. July 7, 2017).[1]

    C.    <u>Comity</u>

Finally, Plaintiff argues that comity principles weigh in favor of remand because resolution of Song-Beverly Act claims are better handled in state court. *See generally Mot.* But

---

[1] Plaintiff raises a few additional arguments in reply, but as Defendant has not had an opportunity to respond to them, the Court does not consider them. *See Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSx), 2015 WL 12662344, at *1 (C.D. Cal. Oct. 9, 2015) ("[A] court does not need to consider facts or arguments raised for the first time in a reply brief.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-967 PSG (RAOx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Christina Gonzalez v. FCA US LLC, et al. | | |

federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims."). Other courts have considered this same argument and have rejected it. *See Petropolous*, 2017 WL 2889303, at *6. The Court finds this argument unpersuasive, as well.

### III. Attorneys' Fees

Defendant moves for an award of attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Opp.* 8 9.

Rule 11 gives the Court authority to impose sanctions against litigants appearing before it. *See* Fed. R. Civ. P. 11. "Rule 11 is 'designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis.'" *Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, No. CV 15-2110 PSG (EX), 2016 WL 7042107, at *2 (C.D. Cal. Mar. 1, 2016) (quoting *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173 74 (C.D. Cal. 2002)).

Here, Defendant's request for attorneys' fees is denied because the Court does not conclude that Plaintiff's motion was presented for an improper purpose, such as to harass or delay, or that Plaintiff's arguments were entirely frivolous. *See* Fed. R. Civ. P. 11. While the Court has rejected Plaintiff's arguments, the arguments are better characterized as a long shot than legally unreasonable or an attempt to harass. *See Vapor Spot, LLC*, 2016 WL 7042107, at *2.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand, and **DENIES** Defendant's request for attorneys' fees.

**IT IS SO ORDERED**.